WILLIAM J. NILES *vs.* ISAAC FIELD & another.

Bail cannot be charged for the avoidance of their principal, by a return of *non est in ventus* before the return day of the execution.

SCIRE FACIAS against bail. The parties submitted the case to the court upon these facts :

The plaintiff recovered a judgment, at the January term, 1839, of the court of common pleas, against one Cochran, upon which an execution was issued on the 26th of February, 1839, returnable into said court on the first Tuesday of April following. The execution was delivered, on the day of its date, to a deputy sheriff in this county, where said Cochran resided at the time of the service of the original writ ; and said deputy was ordered immediately to arrest said Cochran on said execution. On the 27th of said February, the said deputy made this return on the execution : " By virtue hereof, I made diligent search for property as well as for the body of the within named Cochran ; finding neither, I return this execution in no part satisfied." On the next day (Feb. 28th, 1839) this action was commenced against the defendants, who were bail of said Cochran in the original suit.

Judgment to be entered for the defendants, if this *scire facias* issued prematurely ; otherwise, judgment to be entered for the plaintiff.

*Greenough,* for the plaintiff.

*Bolles,* for the defendants.

SHAW, C. J. The single question in this case is, whether bail can be charged, as for an avoidance of their principal, by a return of *non est inventus,* before the return day of the execution. We think they cannot. If this suit could be maintained, it would tend to alter and enlarge the responsibility of the bail. If the principal dies before the return of the execution, the bail are discharged ; the surrender of the body becomes impossible, and the obligation is saved. But it must be a return regularly made at the time directed by the execution ; the regular return day. Applying this principle to the present case, suppose the principal had died after the return of *non est inventus* into the clerk's office, and before the return day fixed by law, and expressed in the writ ; it appears quite clear that the bail would not be fixed. The books are full of authorities to the point, that the bail are not liable until the return of the execution, showing that the principal cannot be found ; and the statute is to the same effect. Rev. Sts. *c.* 91, § 5. It does not say, in terms, that bail shall not be liable before the return day ; but we think the law assumes that the writ will be returned at the time when by law, and the precept of the writ itself, it is made returnable.

The only case having a different aspect is that of *Ranlet* v. *Warren,* 7 Mass. 477. In that case, the clerk, by mistake, is sued an execution returnable into the clerk's office, at the expiration of six months, instead of making it returnable at the next court. That case appears to have been decided upon the form of the pleadings. The writ alleged that the principal had avoided. The defendant pleaded a bad and immaterial plea, to which the plaintiff demurred, and had judgment. The officer made his return of *non est inventus* at the return day fixed by the writ, so that by the form of the execution and return there was an avoidance of the principal ; and the court thought the error of the clerk was a mere irregularity which did not render the exe-

cution void, and that no advantage could be taken of the mistake of the clerk, in that state of the pleadings, and between those parties.    We think, therefore, that there is nothing in the principle of that case opposed to our present decision.

*Plaintiff nonsuit.*